IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY M. GREER | : CIVIL ACTION |
| | : |
| v. | : |
| | : No. 08-1110 |
| DAVID DIGUGLIELMO, et al. | : |

**MEMORANDUM**

Ludwig, J.                                                                                                  March 25,   2009

   This is a 42 U.S.C. § 1983 action.  Jurisdiction is federal question.  28 U.S.C. § 1331. The gravamen of the complaint is that defendants removed funds from plaintiff's inmate account in violation of his Fourth Amendment rights.  Complaint, ¶ 7.[1]

   According to the complaint, on August 8, 1980, Judge Joseph Erb of the York County Pennsylvania Court of Common Pleas sentenced plaintiff to 15 to 30 years incarceration following plaintiff's conviction on rape and robbery charges.  Complaint, ¶ 2; Exhibit 2 to complaint.  The Court Commitment stated that plaintiff was to pay $446.85 in court costs. Exhibit 2.  On the same day, Judge Emanuel Cassimatis, also of the York County Court of Common Pleas, sentenced plaintiff to a consecutive 15 to 30 year term of incarceration on an unrelated rape, burglary and aggravated assault conviction.  Complaint, ¶ 2; Exhibit 2 to

---

[1] Plaintiff is an inmate at SCI-Graterford.  Defendants are David DiGuglielmo, Superintendent at Graterford, Thomas Rowlands, Inmate Records Supervisor, and Michael Spencer, Business Office Manager.  Also named is Patricia Croll, former Inmate Accounting Supervisor (retired).  Waiver of service forms sent to Ms. Croll at addresses provided by plaintiff were returned unexecuted, and as of this date, service has not been made upon her.

   Plaintiff filed a response to defendants' motion, styled "Plaintiff's Preliminary Objections Motion for Commonwealth's Defendants' Not to Dismiss" (docket no. 16).   The docket should reflect that it is not a motion, but a response to the arguments raised in defendants' motion.

complaint. The Court Commitment in that case stated that plaintiff owed $470.84 in court costs. Both sentences were vacated to permit plaintiff to preserve his appellate rights. Complaint, ¶ 2; Exhibit 3 to complaint. On October 16, 1980, Judge Cassimatis reimposed his original sentence. Complaint, ¶ 2. On March 31, 1988, Judge Erb reimposed his original sentence. Complaint, ¶ 3; Exhibit 4 to complaint. The complaint alleges that Judge Erb's 1988 reimposition of sentence did not include court costs.[2]

On September 2, 2002, plaintiff learned that the Department of Corrections had begun to deduct funds from his inmate account to satisfy the court costs incurred in the cases before Judges Cassimatis and Erb. Complaint, ¶ 2. Plaintiff immediately demanded that the deductions cease because Act 84 - 42 Pa.C.S.A. § 9728(b)(3)(5) - did not apply to him. The grounds were that Act 84 had been enacted after the sentencing, and Judge Erb's reimposition of sentence did not include court costs. The DOC continued to make deductions, apparently in accordance with the original Court Commitment. Complaint, ¶¶ 2-3.

---

[2] The Court Commitment for that proceeding is not attached to the complaint. The transcript from the hearing is attached to the complaint as Exhibit 4. It does not include any reference to court costs. Because this action is time-barred, the issue of fact on this point is irrelevant.

On March 13, 2003, plaintiff filed a "Petition for Review" in Commonwealth Court challenging the continued deductions. Docket entries in Greer v. Beard, 170 MD 2003, Exhibit 5 to defendant's motion.[3] The Commonwealth Court rejected plaintiff's claim that deduction of sums from inmate accounts pursuant to Act 84 involved an impermissible retroactive application of the law by the DOC, and his claim that it violated the *ex post facto* clause of the United States Constitution. It also rejected plaintiff's claim that he was entitled to a hearing to determine his ability to pay the court costs before deductions began. Memorandum Opinion in Greer v. Beard, 170 M.D. 2003 (filed Mar. 3, 2004), at 5-8. Plaintiff's appeal of this ruling was quashed as interlocutory and the deductions continued.

On November 8, 2006, plaintiff filed Grievance No. 169014, complaining of the deductions. Complaint, ¶ 5; Exhibit 7 to defendants' motion. On December 12, 2006, defendant Spencer responded, noting that plaintiff had satisfied the court costs imposed by Judge Cassimatis, and that $6.01 remained of the costs originally imposed by Judge Erb. Spencer also noted that it appeared that Judge Erb had resentenced plaintiff without imposing court costs, and, therefore, no further deductions would be made. Exhibit 8 to defendants'

---

[3] "Certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an FRCP 12(b)(6) motion to dismiss to an FRCP 56 motion for summary judgment." Pryor v. National Collegiate Athletic Ass'n., 288 F.3d 548, 560 (3d Cir. 2002), quoting 62 Fed. Proc. §62:520). The court may consider matters of public record and documents that form the basis for the claim. Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

motion.[4]  When plaintiff appealed this administrative ruling, he was advised that all deductions were made in good faith, the funds had been forwarded to York County, and he could pursue a refund from the county.  Complaint, ¶ 6; Exhibit 7 to complaint.  Plaintiff's final appeal of this decision was dismissed.  Complaint, ¶ 7; Exhibit 7 to complaint.[5]  On March 8, 2008, plaintiff filed this action.

The action must be dismissed.[6]  Plaintiff's claim is time-barred.

Section 1983 claims are subject to the state's statute of limitations for personal injury actions.  Sameric Corp. of Del., Inc. v. City, 142 F.3d 582, 599 (3d Cir. 1998).  Under Pennsylvania law, personal injury claims are subject to a two-year statute of limitations.  42 Pa.C.S.A. § 5524.  Further, "[a] section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based."  Sameric, 142 F.3d at

---

[4] The response to the grievance also notes, "a check with York County Adult Probation and Parole concerning a possible refund on your behalf indicates that you have already attempted to secure a refund from them and that they are awaiting a decision concerning your appeal of Act 84 payments for this case, which is currently before the PA Supreme Court, before decide [sic] on the issuance of any refund."  Exhibit 8, defendants' motion.

[5] The appeal was dismissed for plaintiff's failure to include in his appeal packet a copy of his appeal to the Superintendent.  However, the decision notes that plaintiff had filed a grievance as to the deductions in 2005, which was rejected due to untimeliness, and that the grievance under consideration should have been rejected at the outset as "previously addressed."  Exhibit 7 to complaint.

[6] "In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Lamaze v. Vidov Trucking, Inc., 2009 WL 650371, at *2 (E.D. Pa., filed Mar. 12, 2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, at 555 (citations omitted).

599 (citations omitted).

According to the complaint, plaintiff became aware of the DOC's decision to deduct funds from his inmate account to satisfy York County court costs no later than September 2, 2002, the day he received his "Monthly Statement of Account Sheet" reflecting the initial deductions. Complaint, ¶ 2. The limitations period expired two years later, in September 2004, three and one-half years before plaintiff filed this action.

Plaintiff contends that the continuing violations doctrine applies: "[t]hese matters has [sic] been an ongoing process from September 2, 2002 until December 12, 2006." Complaint, ¶ 7. However, the doctrine does not apply here. "It is well settled that the continuing claims doctrine does not apply to a claim based on a single distinct event which has ill effects that continue to accumulate over time." Miele v. Pension Plan of New York State Teamsters, 72 Fed.Supp.2d 88, 102 (E.D.N.Y. 1999), citing Brown Park Estates-Fairfield Dev. Co. v. United States, 127 F.3d 1449, 1456 (Fed. Cir. 1997). In Miele, plaintiff's ERISA claim stemmed from "the defendants' single alleged miscalculation [of her benefits]; as a result, the court does not find plaintiff's monthly checks to be independent and distinct wrongs, but rather mere ill-effects of the one-time calculation." Miele, 72 F.Supp.2d at 102.

Similarly, each monthly deduction here was an "ill-effect" of the original decision to make the deductions, and not an independent and distinct wrong. Accordingly, plaintiff's claim is time-barred and must be dismissed.[7] An order accompanies this memorandum.

BY THE COURT

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[7] Defendants also urge dismissal on the ground that the Eleventh Amendment bars plaintiff's damages claim against defendants in their official capacity. The Eleventh Amendment immunizes states and state agencies from federal suits by private parties such as plaintiff. MCI Telecommunications Corp. v. Bell Atlantic Pa., 271 F.3d 491, 503 (3d Cir. 2001) (citations omitted). "The DOC is an arm or agency of the Commonwealth," and suit against it is barred by the Eleventh Amendment. Bey v. Pennsylvania Dept. of Corrections, 98 F.Supp.2d 650, 57 (E.D. Pa. 2000) (citations omitted). Suit against DOC employees in their official capacity is similarly barred. Id. (citations omitted). Further, "[i]ndividuals acting in their official capacities are not 'persons' under § 1983," and, as a result, plaintiff's damages claims against them are barred. In this regard, it is noteworthy that deductions from plaintiff's account ceased in 2006, and plaintiff's complaint requests no injunctive relief, only damages.

Defendants also argue that the deductions do not violate plaintiff's constitutional rights. "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, plaintiff followed the grievance procedure to protest the deductions, as well as suing in state court.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY M. GREER | : CIVIL ACTION |
| v. | : |
| | : No. 08-1110 |
| DAVID DIGUGLIELMO, et al. | : |

## **ORDER**

AND NOW, this 25th day of March., 2009, the "Commonwealth Defendants' Motion to Dismiss" (docket no. 14) is granted, and plaintiff's complaint is dismissed with prejudice, Fed. R. Civ. P. 12(b)(6).

BY THE COURT

 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.